UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

07 CV 3382

------------------------------------------------------------ X

BARRY F. WILLMAN,                         :          JUDGE BAER

            Plaintiff,            :     **COMPLAINT**
                                          :     **WITH JURY DEMAND**
      -against-                     :

LAZARD FRÈRES & CO., and LAZARD CAPITAL   :
MARKETS,                                  :

           Defendants.           :

                                     APR 2 7 2007

------------------------------------------------------------ X

## COMPLAINT

Plaintiff Barry F. Willman, by his attorneys, alleges as follows:

## THE NATURE OF THE ACTION

This is a civil action for damages and remedies brought under (1) the Age Discrimination in Employment Act ("ADEA"); (2) the New York State Human Rights Law (the "NYSHRL"); and (3) the New York City-Human Rights Law (the "NYCHRL").

## THE PARTIES

1.     Willman was born on October 1, 1956, and presently resides at 144 West 86th Street, Apt. 11-C, New York, New York. In October 2004, Willman began working in the capital markets division of Defendants Lazard Frères & Co., which became Lazard Capital Markets (collectively "Lazard"). At all times, Willman worked in New York City.

2.     Lazard provides a broad array of financial advisory and execution services to corporations, governments and institutional investors worldwide. Lazard Capital Markets

("LCM") is a privately-held company that was formed on May 10, 2005 as a "spin-off" of Lazard Frères & Co., LLC when it changed its corporate structure and became a publicly traded company. Its headquarters are located at 30 Rockefeller Plaza, New York, New York.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 and principles of supplemental jurisdiction pursuant to 28 U.S.C. § 1367. The amount in controversy exceeds $75,000.

4.      Willman filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on August 15, 2006.

5.      On January 29, 2007, Willman, through counsel, received the EEOC's Notice of Right-to-Sue.

6.      A copy of this Complaint was served on the New York City Commission on Human Rights and the Corporation Counsel.

7.      Venue is proper in this district under 28 U.S.C. § 1391(b) because Willman worked for Lazard in New York City and Lazard terminated his employment in New York City

## STATEMENT OF FACTS

8.      Willman was born on October 1, 1956.

9.      He began working at Lazard in October 2004.  Lazard hired him as a Managing Director and the Director of Equity Research.  The Director of Research is a senior-level management position heading the equity research department, which is the core component of LCM's business offering to clients.

10.     At the time he was hired, Lazard's senior management, including Charles G. Ward III, President of Lazard, assured Willman that the company was committed to increasing investment in, and growing, its capital markets business.

11.     Lazard Capital Markets LLC was formed in 2005 concurrent with the recapitalization of the Lazard Group to continue all of the capital markets activities formerly conducted by Lazard Frères & Co. LLC.

12.     Willman was qualified for his position and performed all of his duties in a professional and competent manner throughout his tenure at Lazard.  In recognition of Willman's outstanding performance, Lazard paid him for his work in 2004 substantially above the amount of his guaranteed compensation.  In 2005, his direct manager, Clay Kingsbery, told Willman his performance was superb, and that Willman would earn total cash compensation for 2005 in excess of $1.5 million, exclusive of any equity awards over and above this minimum cash amount.

13.     On October 26, 2005, Lazard notified Willman of its intention to terminate his employment without cause.  His last day of employment was November 25, 2005.

14.    In a letter dated November 22, 2005, Lazard notified Willman that his termination resulted from an alleged restructuring and cost reduction by which certain employees were selected for termination.

15.    Subsequently, Lazard submitted an EEOC Position Statement dated December 15, 2006, where it claimed that it terminated plaintiff's employment because he had a poor working relationship with Clay Kingsbery, the Chief Executive Officer, and the heads of Equity Sales and Trading.  Prior to this submission to the EEOC, no one at Lazard ever informed plaintiff that he had a poor relationship with these, or any other, Lazard employees.

16.    Lazard replaced plaintiff with Paul Noglows, who was 42 years old – approximately seven years younger than plaintiff. Noglows was less qualified for the position than was plaintiff.

17.    In connection with Lazard's termination of plaintiff, the firm provided plaintiff with the age of each individual terminated as part of this restructuring.  Statistics indicate that Lazard's employment terminations in late 2005 were directed at older individuals.  The average age of the employees whose employment was terminated was 51 years old.  This reduced the average age of employees in those targeted departments at Lazard from 38 to 36 years old. Additionally, while Lazard terminated 100% of the employees in the targeted departments over the age of 54, it terminated 0 of 11 employees between the ages of 20-29 (0%) and 1 of 23 employees between the ages of 30-39 (4%).

18.    In addition, Lazard has engaged in a practice of harassment after plaintiff's termination in an effort to pressure plaintiff into signing a general release. For example, Lazard refused to pay plaintiff certain compensation until April 2006, well past the date it was due and after other Managing Directors and employees had been paid. Lazard also refused to acknowledge any and all of the assets in plaintiff's capital accounts for some seven months, and more recently finally admitted that it owes plaintiff a portion of such monies but still refused to acknowledge the entire amount Lazard owes. Lazard has refused to pay plaintiff any of these capital amounts, even the portion that it concedes it owes to plaintiff. Lazard additionally refuses to return plaintiff's personal property.

19.    Lazard has not engaged in this type of harassing behavior towards younger employees.

## FIRST CAUSE OF ACTION

(Age Discrimination Under the ADEA)

20.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 19, as if separately set forth herein.

21.    At all relevant times, plaintiff was an "employee" of Lazard under 29 U.S.C. § 630(f) of the ADEA, and Lazard is an "employer" subject to the provisions of the ADEA under 29 U.S.C. §630(b).

22.    By its actions detailed above, defendants have unlawfully discriminated against plaintiff on the basis of his age in violation of the ADEA.

23.    As a result of the discrimination described above, plaintiff has suffered a substantial loss of earnings and benefits and may continue to suffer such losses in the future. Accordingly, defendants are liable to plaintiff for both back pay and front pay in amounts as yet undetermined, plus attorneys' fees, prejudgment interest and costs.

24.    Defendants' conduct in discriminating against plaintiff on the basis of his age was willful, entitling plaintiff to an additional sum of liquidated damages pursuant to 29 U.S.C. § 626(b).

## SECOND CAUSE OF ACTION

(Age Discrimination Under the NYSHRL)

25.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 24, as if separately set forth herein.

26.    At all relevant times, plaintiff was an "employee" for purposes of § 296 of the NYSHRL, and defendants are "employers" for purposes of § 292 of the NYSHRL.

27.    By their actions detailed above, defendants have unlawfully discriminated against plaintiff on the basis of his age in violation of Section 296 of the NYSHRL.

28.    As a result of the willful discrimination described above, plaintiff suffered substantial loss of earnings and benefits, and he may continue to do so in the future. Accordingly, defendants are liable to plaintiff for both back pay and front pay in an amount as yet undetermined, plus interest and costs.

## THIRD CAUSE OF ACTION

(Age Discrimination Under the NYCHRL)

29.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 28, as if separately set forth herein.

30.     Plaintiff is a "person" under § 8-102(1) of the NYCHRL, and defendants are "employers" subject to the provisions of the NYCHRL under § 8-102(5) of the Administrative Code.

31.     By their actions detailed above, defendants have unlawfully discriminated against plaintiff on the basis of his age in violation of the NYCHRL.

32.     As a result of the discrimination described above, plaintiff has suffered substantial damages.

33.     Defendants' actions described above constitute discrimination against plaintiff on the basis of his age and were taken with reckless indifference to plaintiff's rights, entitling him to punitive damages, interest and costs under the NYCHRL.

WHEREFORE, plaintiff demands judgment against defendants as follows:

A.     On the First Cause of Action for violation of ADEA, back pay and front pay in an amount to be determined at trial, attorneys' fees, costs, prejudgment interest and liquidated damages;

B.    On the Second Cause of Action for violation of the New York State

Human Rights Law, back pay and front pay in an amount to be determined at trial, and plus

interest and costs;

C.    On the Third Cause of Action for violation of the New York City Human

Rights Law, damages in an amount to be determined at trial, plus punitive damages, interest and

costs; and

D.    All such other and further relief as this Court deems just and proper.

Dated:  New York, New York
        April 24, 2007

LIDDLE & ROBINSON, L.L.P.

By:_____
        Jeffrey L. Liddle (JL 8256)
        David Marek   (DM 2083)
Attorneys for Plaintiff
800 Third Avenue
New York, New York 10017
(212) 687-8500