PROSKAUER ROSE LLP
Marc A. Mandelman (MM-7162)
1585 Broadway
New York, NY 10036-8299
(212) 969-3000
Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
BARRY F. WILLMAN,                              :
                                               :
                Plaintiff.    :     07 CV 3382 (HB)
                                               :
                v.            :
                                               :     **ANSWER**
LAZARD FRERES & CO. AND                        :
LAZARD CAPITAL MARKETS,                        :
                                               :
                Defendants.   :
------------------------------------------------------X

       Defendants, Lazard Frères & Co. and Lazard Capital Markets LLC ("Defendants"), by their attorneys, Proskauer Rose LLP, answer the Complaint herein as follows:

### THE PARTIES

       1.    Deny the allegations set forth in Paragraph 1 of the Complaint, except admit that in October 2004 Plaintiff began working at Lazard Frères & Co. and that Plaintiff worked in New York City, and further deny knowledge or information sufficient to form a belief as to the truth of Plaintiff's birth date and current residence.

       2.    Deny the allegations set forth in Paragraph 2 of the Complaint, except admit that Lazard Capital Markets LLC headquarters are located at 30 Rockefeller Plaza, New York, New York.

## JURISDICTION AND VENUE

3. Make no answer to Paragraph 3 of the Complaint because these allegations set forth legal conclusions to which no responsive pleading is required, but to the extent an answer is required, admits that Plaintiff purports to bring this action pursuant to the jurisdictional sections referenced therein.

4. Admit the allegations set forth in Paragraph 4 of the Complaint.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint.

7. Make no answer to Paragraph 7 of the Complaint because these allegations set forth legal conclusions to which no responsive pleading is required.

## STATEMENT OF FACTS

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint, except admit that the date of birth listed is the same one that Plaintiff reported to both Lazard Frères & Co. and Lazard Capital Markets LLC.

9. Deny the allegations set forth in Paragraph 9 of the Complaint, except admit that in October 2004 Plaintiff began working at Lazard Frères & Co. and was hired as a Managing Director and as the Director of Equity Research, and that equity research is a core component of Lazard Capital Markets LLC's business offerings to clients.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint.

11. Deny the allegations set forth in Paragraph 11 of the Complaint, except admit that Lazard Capital Markets LLC was formed in 2005 to continue the capital markets activities of Lazard Frères & Co.

12. Deny the allegations set forth in Paragraph 12 of the Complaint.

13. Deny the allegations set forth in Paragraph 13 of the Complaint, except admit Lazard Capital Markets LLC notified Plaintiff of his termination on or about October 26, 2005.

14. Deny the allegations set forth in Paragraph 14 of the Complaint.

15. Deny the allegations set forth in Paragraph 15 of the Complaint, except admit submitting an EEOC Position Statement dated December 15, 2006, and state that the position statement speaks for itself.

16. Deny the allegations set forth in Paragraph 16 of the Complaint, except admit that Paul Noglows was 42 years old at the time he was hired by Lazard Capital Markets LLC.

17. Deny the allegations set forth in Paragraph 17, except admit that the firm provided Plaintiff with the age of each individual terminated on or about the same time as Plaintiff was terminated.

18. Deny the allegations set forth in Paragraph 18 of the Complaint.

19. Admit the allegations set forth in Paragraph 19 and also deny engaging in any type of harassing behavior toward Plaintiff or any other employee regardless of age.

## FIRST CAUSE OF ACTION

20. Repeat and reallege their responses to Paragraphs 1 through 19 of the Complaint,

as if separately set forth herein.

21. Make no answer to Paragraph 21 of the Complaint because these allegations set forth legal conclusions to which no responsive pleading is required.

22. Deny the allegations set forth in Paragraph 22 of the Complaint.

23. Deny the allegations set forth in Paragraph 23 of the Complaint.

24. Deny the allegations set forth in Paragraph 24 of the Complaint.

## SECOND CAUSE OF ACTION

25. Repeat and reallege their responses to Paragraphs 1 through 24 of the Complaint, as if separately set forth herein.

26. Make no answer to Paragraph 26 of the Complaint because these allegations set forth legal conclusions to which no responsive pleading is required.

27. Deny the allegations set forth in Paragraph 27 of the Complaint.

28. Deny the allegations set forth in Paragraph 28 of the Complaint.

## THIRD CAUSE OF ACTION

29. Repeat and reallege their responses to Paragraphs 1 through 28 of the Complaint, as if separately set forth herein.

30. Make no answer to Paragraph 30 of the Complaint because these allegations set forth legal conclusions to which no responsive pleading is required.

31. Deny the allegations set forth in Paragraph 31 of the Complaint.

32. Deny the allegations set forth in Paragraph 32 of the Complaint.

33. Deny the allegations set forth in Paragraph 33 of the Complaint.

34. Deny the allegations in the WHEREFORE clause of the Complaint, and further

deny that Plaintiff is entitled to any of the relief demanded therein or any relief whatsoever.

## AFFIRMATIVE DEFENSES
### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

35.     The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

36.     The claims in Plaintiff's Complaint against Defendant Lazard Frères & Co. are barred for lack of subject matter jurisdiction because Lazard Frères & Co. was not Plaintiff's employer under the statutes cited in the Complaint.  Plaintiff was a partner, not an employee, of Lazard Frères & Co.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

37.     The Complaint fails to state a claim against Defendant Lazard Frères & Co. because Lazard Frères & Co. is not a proper party to this action because it was not a party to, nor played any role whatsoever, with respect to the decision to terminate Plaintiff's employment from Lazard Capital Markets LLC.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

38.     The claims in Plaintiff's Complaint are barred, in whole or in part, as to any matters not contained in Plaintiff's administrative charge, for which no right to sue letter has been issued, and/or for which Plaintiff has failed to exhaust, and/or has elected, administrative remedies.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

39. If damaged, which Defendants expressly deny, Plaintiff has failed to make reasonable efforts to mitigate damages.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

40. To the extent that Plaintiff seeks to recover from Defendants for emotional distress and/or mental anguish damages allegedly incurred in the course of or arising out of employment by Defendants, such recovery is barred by the exclusivity of the workers' compensation remedies, and/or because Defendants' alleged conduct did not rise to the required level of culpability to justify an award of such damages.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

41. At all times relevant herein, Defendants have established and complied with policies, programs, and procedures for the prevention and detection of unlawful discriminatory practices by employees, agents, and persons retained as independent contractors. Plaintiff unreasonably failed to take advantage of the preventive and/or corrective opportunities provided by Defendants or to avoid harm otherwise.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

42. At all times relevant herein, including prior to the allegations that form the basis of Plaintiff's claims, Defendants generally exercised reasonable care to prevent and correct promptly any discriminatory or harassing behavior in the workplace.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

43.     Defendants' liability and penalties, if any, should be mitigated by virtue of the factors set forth in Section 8-107(13)(d) and (e) of the New York City Human Rights Law.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

44.     Plaintiff is not entitled to punitive damages or attorneys' fees and costs under the New York State Executive Law and to the extent he seeks punitive damages under federal law such relief is barred because Defendants' alleged conduct did not rise to the required level of culpability to justify an award of such damages.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

45.     Plaintiff's claims for damages are barred, in whole or in part, by the statute of frauds, to the extent such claims are based upon an alleged oral contract.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

46.     Compensatory, "consequential" and/or punitive damages are not available on certain of Plaintiff's claims in this action.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

47.     Plaintiff's claims are barred, in whole or in part, by the failure to satisfy the statutory and/or administrative prerequisites to the bringing of an action under the Administrative Code of the City of New York.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

48.     Plaintiff's claims for relief or damages are barred, in whole or in part, because Plaintiff's reliance, if any, on the purported promises or representations made by, and/or understandings with, Defendants were not reasonable.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

49.     Even if there is a finding that impermissible considerations may have been a factor in the challenged employment actions, which Defendants deny, the same actions would have been taken based on lawful, non-discriminatory reasons.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE**

50.     The Complaint is barred, in whole or in part, by virtue of Plaintiff's agreement to resolve these claims through final and binding arbitration.

**AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE**

51.     The claim for damages is barred, in whole, by the doctrine of estoppel by virtue of the acts and/or omissions of Plaintiff.

**AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE**

52.     The claim for damages is barred, in whole or in part, due to the existence of an employment agreement between the parties, the provisions of which were fully satisfied in all respects.

Dated: New York, New York
      June 29, 2007

                PROSKAUER ROSE LLP

By:   *s/Marc A. Mandelman*
      Marc A. Mandelman (MM-7162)

1585 Broadway
New York, New York  10036-8299
(212) 969-3000
Attorneys for Defendants
Lazard Freres & Co. and Lazard Capital Markets