USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE F.D. 10/23/07

Case 1:07-cv-03382-HB   Document 8   Filed 10/23/2007   Page 1 of 3

OCT 17 2007

# LIDDLE & ROBINSON, L.L.P.

800 THIRD AVENUE
NEW YORK, N.Y. 10022

(212) 687-8500
FACSIMILE: (212) 687-1505
www.liddlerobinson.com
EMAIL: dmarek@liddlerobinson.com

MIRIAM M. ROBINSON (RETIRED)

JAMES A. BATSON
BLAINE H. BORTNICK
ETHAN A. BRECHER
DAVID I. GREENBERGER
MICHAEL E. GRENERT
JAMES R. HUBBARD
JEFFREY L. LIDDLE
DAVID M. MAREK
CHRISTINE A. PALMIERI
MARC A. SUSSWEIN

October 15, 2007

JEFFREY ZIMMERMAN
STEPHEN J. STEINLIGHT
ANDREA M. PAPARELLA
REBECCA A. SAENGER
LISA D. SIDMAN
DINA N. WEINBERG
DAVID H. FELDSTEIN
AMY L. STUTIUS*

*AWAITING ADMISSION TO THE BAR

**Via Mail & Facsimile / (212) 805-7901**
The Honorable Harold Baer
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 2230
New York, New York 10007

Re:   Barry F. Willman v. Lazard Freres & Co. and Lazard Capital Markets LLC
      Docket No.: 07 CV 3382

Dear Judge Baer:

We write on behalf of both parties to jointly request this Court extend the date by which discovery must be completed from October 15, 2007 until December 14, 2007. The parties require this extension because they have been engaged in extensive and productive settlement discussions that both parties believe may result in the resolution of this matter.

The Court set October 15, 2007 as the discovery cut off date in its June 28, 2007 Pretrial Scheduling Order. Since that time, the parties have completed a substantial amount of discovery: Plaintiff served document requests on July 20, 2007, and interrogatories on August 23, 2007; Defendants served document requests and interrogatories on July 27, 2007; Plaintiff has noticed nine depositions; and Defendants have noticed the deposition of Plaintiff. The parties have

begun preparing their responses to these document requests and interrogatories. This is the parties' first request for an extension of time.

After the parties completed the discovery listed above, the parties agreed to a stay of discovery to avoid the expenditure of resources and fees while they engaged in settlement discussions. While those discussions have not yet resulted in a resolution, the parties believe that a resolution is near. The parties believe that if the Court grants this two month extension to complete discovery the parties will have sufficient time to fully explore the resolution of this case and, if such a resolution does not occur, complete discovery.

Respectfully submitted,

David Marek (DM 2083)

cc: Marc A. Mandelman, Esq. (attorney for Defendants)

*[Handwritten annotation by the court, partially legible:]* (1) An extension is granted to Dec 14 (2) Such extension will not effect the validity of the PTSO in le last day of your disposition (neither hopeful) no way days motions of February PTC month... (3) while please don't worry about the efficacy of litigation... the sixomly agree who to the Court's permission to complete discovery. A failure to do so will not be viewed...

SO ORDERED:

Harold Baer, Jr., U.S.D.J.

Date: 10/23/07

Endorsement:

1. An extension as sought to December 14 is granted.

2. Such extension will in no way affect the balance of the PTSO, i.e., last day to take depositions (fully briefed) motions and your February trailing trial calendar month.

3. While I too worry about the expense of litigation please don't stay discovery again without the court's permission.

4. A failure to comply with motion dates risks my not reaching it before trial which will proceed as explained at PTC, in any event.