UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
BARRY F. WILLMAN,

                    Plaintiff.          :          07 CV 3382 (HB)

            v.                          :
                                        :          **STIPULATION AND ORDER**
LAZARD FRERES & CO. AND                 :          **OF CONFIDENTIALITY**
LAZARD CAPITAL MARKETS,                 :

                    Defendants.         :
-----------------------------------------------------X

WHEREAS, Plaintiff Barry F. Willman seeks certain documents from Defendants Lazard Freres & Co. and Lazard Capital Markets LLC (collectively "Defendants") (Plaintiff and Defendants collectively referred to herein as "the parties") in the course of discovery in the above captioned action; and

WHEREAS, the parties consider some of the information being sought or contained in documents being sought to be of a confidential nature; and

WHEREAS, the parties have agreed to the entry of this Stipulation to permit Plaintiff's and Defendants' counsel to exchange information deemed confidential pursuant to procedures protecting the confidentiality of such information;

IT IS HEREBY STIPULATED AND AGREED as follows:

1.    "Confidential Information" as used herein, means any type or classification of information designated as confidential by the party providing it, whether it be a document, information contained in a document, or any other form of information, including but not limited

to documents and information relating to the business operations of Lazard Freres & Co. and Lazard Capital Markets LLC, personnel files, and other proprietary information.

2.      "Qualified Person" as used herein means for Confidential Information provided by Defendants: (a) Plaintiff's counsel, and said counsel's respective legal assistants and support staff reasonably necessary to assist said counsel in the evaluation of Confidential Information provided by Defendants pursuant to this Stipulation; (b) any witness or potential witnesses; (c) any expert, expert's staff or third party employed or retained by Plaintiff, and/or Plaintiff's counsel, for the purpose of assisting said counsel in the prosecution of this litigation; (d) Plaintiff; (e) the Court (including any clerk, stenographer or other person having access to Confidential Information by virtue of his or her position or affiliation with the Court); and (f) any other person to whom the designating party agrees in writing.

"Qualified Person" as used herein means for Confidential Information provided by Plaintiff: (aa) Defendants' counsel, and said counsel's respective legal assistants and support staff reasonably necessary to assist said counsel in the evaluation of the Confidential Information provided by Plaintiff pursuant to this Stipulation; (bb) any witness or potential witnesses; (cc) any expert, expert's staff or third party employed or retained by Defendants, and/or its respective attorneys, for the purpose of assisting said counsel in the prosecution of this litigation; (dd) Defendants, including any employee, agent, former employee, or former agent of Lazard Freres & Co. and/or Lazard Capital Markets LLC, or their present or former affiliated or related agencies or entities involved in or connected with this litigation as determined by Defendants in their sole discretion; (ee) the Court (including any clerk, stenographer or other person having access to any Confidential Information by virtue of his or her position or affiliation with the Court); and (ff) any other person to whom the designating party agrees in writing.

3.    (a)    Counsel for the parties shall designate documents provided to other parties as Confidential Information by marking or stamping such documents where possible with the word "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS ONLY," as the case may be.

(b)    In the event counsel for plaintiff or defendants disagree with any designation of "Confidential Information" (either marked or stamped as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS ONLY") or consider it necessary to disclose Confidential Information to persons other than as permitted herein, counsel shall confer for a reasonable period of time, not to exceed five (5) business days, and attempt in good faith to resolve the matter informally. If they are unable to resolve the matter informally within that time, the party disputing the designation of "Confidential Information" shall state such objection in writing to the producing party. Thereafter, the designating party shall make an application to the Court within five (5) business days following the above referenced written statement, seeking a determination from the Court whether the disclosure of the Confidential Information beyond that permitted by this agreement shall be allowed. The objecting party will have five (5) business days to submit its response to this application. The disputed document(s) shall be treated as Confidential Information, subject to the terms of this Stipulation and Order, until otherwise agreed to by the parties or ordered by the Court.

4.    (a)    Access to/disclosure of Confidential Information marked or stamped as "CONFIDENTIAL" shall be limited only to Qualified Persons. Such access to/disclosure of Confidential Information to Qualified Persons shall only be permitted or made to the extent counsel in good faith believes that such access or disclosure is reasonably necessary to the prosecution or defense of this litigation, and in the case of Qualified Persons described in paragraphs 2(b), 2(c), 2(d), 2(f), 2(bb), 2(cc), 2(dd), 2(ff) above, only after execution by such

3

Qualified Persons of a written Acknowledgment in the form attached hereto as Exhibit A.
Plaintiff's counsel shall provide Defendants' counsel with all the executed stipulations within 30
days after the close of the case.

        (b)     Access to/disclosure of Confidential Information marked or stamped as
"CONFIDENTIAL – ATTORNEYS ONLY" shall be limited only to Qualified Persons as
defined in paragraphs 2(a) or 2(aa), as the case may be.

        5.     Each Qualified Person will maintain Confidential Information in confidence and
will not reveal any Confidential Information to any person who is not a Qualified Person (and
not to persons other than those described in paragraphs 2(a) or 2(aa) if such Confidential
Information is marked or stamped "CONFIDENTIAL – ATTORNEYS ONLY") without the
prior written consent of counsel for the party who provided the information or an order by the
Court authorizing such disclosure. Confidential Information shall be used only for the purposes
of this litigation (not any other judicial or other proceeding) and for no other purpose
whatsoever, and shall not be disclosed, given, shown, discussed or otherwise divulged or
communicated to any person or entity except as provided herein.

        6.     The disclosure of a document or information without designating it as
Confidential Information shall not constitute a waiver of the right to designate such document or
information as Confidential Information pursuant to the procedures set forth herein and, if so
designated, the document or information shall thenceforth be treated as Confidential Information.

        7.     Confidential Information once disclosed may be copied only to the extent
necessary to permit its use in accordance with the terms of this Stipulation and Order.

        8.     If any party wishes to use information or documents designated as Confidential
Information during any trial of this action, the parties will in good faith confer in advance to

4

agree upon a method (subject to the Court's approval) to protect such Confidential Information during such proceedings. If the parties are unable to agree upon a method to protect such Confidential Information, any party may apply to the Court for a mechanism to maintain the confidentiality of discovery material designated as Confidential Information.

9. Nothing herein shall prohibit the parties from redacting from documents designated as Confidential Information any personal identifying information (including, but not limited to, home phone numbers, social security numbers, home addresses, beneficiaries, and personal account numbers).

10. This Stipulation and Order has no effect upon, and its scope shall not extend to, any providing party's use or disclosure of its own Confidential Information.

11. All information subject to confidential treatment in accordance with the terms of this Stipulation and Order that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any Confidential Information, shall be filed under seal whenever possible and kept under seal until further order of the Court. Where possible, only confidential portions of filings with the Court shall be filed under seal.

12. Within thirty (30) days of the conclusion of this Action (including appeals, if any), all Confidential Information, and all documents containing Confidential Information in the possession of any Qualified Person or any other person who has received such documents pursuant to this Stipulation and Order, with the exception of one complete copy, shall be either: (i) destroyed, with advance notice of such destruction and a subsequent affidavit as to the destruction given to counsel for the party who produced the documents; or (ii) returned to counsel for the party who produced the documents, together with all copies, extracts and summaries thereof, except that the parties' counsel shall be permitted to retain their working files

5

on the condition that those files will remain confidential in perpetuity consistent with the terms

of this Stipulation and Order. A single complete copy of the confidential documents may be

retained by Plaintiff's counsel for a total of three (3) years of the conclusion of the Action solely

as required for liability insurance purposes. All such retained confidential documents shall be

designated "Attorney's Eyes Only," will not be disclosed or used for any other purposes, and

will be destroyed immediately after the three (3) year period.

13. This Stipulation and Order may be amended by further Stipulation, or if the

parties are unable to agree, by the Court on the application of any party.

14. This Stipulation and Order shall extend beyond the final conclusion of this

Action, and shall remain in full force and effect until modified, superseded, or terminated by

written agreement of the parties or by order of the Court.

15. This Stipulation and Order shall be binding on the parties, their counsel, all

Qualified Persons, and all other persons having knowledge of its terms. It is enforceable by the

contempt power of the United States District Court for the Southern District of New York and by

any other appropriate sanction deemed appropriate by the Court.

LIDDLE & ROBINSON LLP

By: _____
E. David-Marek, Esq.
800 Third Avenue
New York, New York 10022
(212) 687-8500
Attorneys for Plaintiff

Date: 9/6/07

PROSKAUER ROSE LLP

By: _____
Marc A. Mandelman
1585 Broadway
New York, New York 10036
(212) 969-3000
Attorneys for Defendants

Date: 9/07